UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK LAX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   No. 1:15-cv-01479-TWP-DKL |
| | ) |
| SUPERINTENDENT Correctional Industrial Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Mark Lax for a writ of habeas corpus must be **denied** and the action will be dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The Petition for Writ of Habeas Corpus**

**A. Background**

Lax seeks a writ of habeas corpus invalidating his conviction for voluntary manslaughter entered in an Indiana state court. This conviction was based on Lax's plea of guilty to the July 28, 2008 homicide of Herman Chris Troop. Lax was sentenced on September 1, 2009. No appeal from that conviction was filed. An action for post-conviction relief was filed on September 1, 2010, was withdrawn on February 3, 2012, was reinstated on January 23, 2013, and was denied on August 6, 2014. The denial of post-conviction relief was affirmed on appeal, with transfer of that decision denied on August 13, 2015. Applying the prison mailbox rule, this action was filed on September 15, 2016.

### B. Discussion

"We live in a world of deadlines." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). In "an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard,* 799 F.3d 889, 894 (7th Cir. 2015).

Ind. Appellate Rule 9(A)(1) provides: "A party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of Final Judgment." Lax thus had one year from the date his state conviction became final in which to seek federal habeas relief. His conviction became final on October 1, 2009, the last day on which he could have filed a notice of appeal. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires.").

"The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Socha v. Boughton,* 763 F.3d 674, 682 (7th Cir. 2014). In Lax's case, the statute of limitations ran until September 1, 2010, when an

action for post-conviction relief was filed.  At that time, 335 days of the 1-year statutory period had been used, and 30 days remained.

The running of the statute remained tolled until February 4, 2012, at which time the action for post-conviction relief was withdrawn. There was no properly filed action for post-conviction relief filed during the 30-day period after February 4, 2012, so the statute of limitations expired on March 6, 2012. This was 30 days—the remaining period of the 1-year period of limitations--after Lax's action for post-conviction relief had been withdrawn.

Applying the prison mailbox rule, Lax's petition for writ of habeas corpus was filed on the date it was signed, September 15, 2015. This was three years, five months and one week after the statute of limitations had expired. For the sake of completeness, the Court notes that although Lax's action for post-conviction relief was reinstated on January 23, 2013, by that time the statute of limitations had already expired. The reinstated post-conviction proceedings, therefore, had no effect on the running or on the expiration of the statute of limitations. *See Gladney v. Pollard,* 799 F.3d 889, 893 (7th Cir. 2015) (noting the petitioner's habeas petition was untimely when his first state post-conviction petition was filed after the one-year limitations period had expired); *Teas v. Endicott*, 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under 28 U.S.C. § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

### C. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992)

(O'Connor, J., dissenting) (internal citations omitted).  In this case, Lax has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore dismissed as untimely without a decisions being made as to the merits of his claims. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007).

Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Rule 11(a) of the *Rules Governing Section 2254 Cases*, the Court finds that Lax has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **declines** to issue a certificate of appealability.

IT IS SO ORDERED.

Date:   12/28/2016

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARK LAX
988393
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel